# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) CASE NO: |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| NATHANIEL STEVENSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## PLAINTIFF JANE DOE'S COMPLAINT FOR CIVIL RELIEF

Plaintiff, Jane Doe ("Plaintiff"), by and through her undersigned counsel, states as her Complaint against Defendant Nathaniel Stevenson ("Defendant") as follows:

## NATURE OF THE ACTION

1. This is an action for damages and injunctive relief to restrain and remedy Defendant's outrageous, harassing and menacing campaign designed to injure Plaintiff, including his non-consensual distribution of intimate images in violation of 15 U.S.C. § 6851. Pursuant to 15 U.S.C. § 6851(b)(3)(B) and 740 ILCS 190/20(a)(1), Plaintiff seeks to pursue this action using a pseudonym to maintain confidentiality of her identity. Plaintiff will file a motion seeking leave to proceed pseudonymously, and to require that all court filing and public disclosures in this action preserve her anonymity.

## PARTIES

2. Plaintiff Jane Doe is a young woman who is a citizen of Illinois and who resides in Chicago.

3. Upon information and belief, Defendant Nathaniel Stevenson is an individual who resides in Evanston, Illinois.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the federal claim in this matter pursuant to 28 U.S.C. § 1331 (federal question), and the remaining claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

5. This Court has personal jurisdiction over Defendant, who resides in this district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391 as the parties reside in this district, a substantial part of the events giving rise to the claims alleged herein occurred in this district, and defendant may be found in this district.

## FACTUAL BACKGROUND

7. In or around 2020, Plaintiff and Defendant began dating. Their relationship was on and off. During the course of their relationship, Defendant requested and Plaintiff provided private pictures of her face and unclothed body. These images were provided with the express understanding that they were for Defendant's personal use and were not to be shared with anyone else.

8. During the course of the relationship, Defendant's behavior became concerning. Worried about her safety and concerned about Defendant's threats, Plaintiff attempted to detach herself from him. As a result, his behavior became more and more troubling, and he began stalking Plaintiff, threatening physical harm to Plaintiff and her family members.

9. On or about September 28, 2022, Defendant used a Google-generated phone number to disseminate the images to Plaintiff's friends. He also used two accounts at the social media site Instagram to publicly post the images.

10. On or about April 9, 2023, Defendant was arrested for violating the Illinois state statute prohibiting the Non-Consensual Dissemination of Private Sexual Images, 720 ILCS 5/11-23.5.

11. Defendant subsequently pleaded guilty to one count of the aforementioned criminal statute.

## COUNT I
### (Unlawful Disclosure of Intimate Images (15 U.S.C. § 6851))

12. Plaintiff re-alleges and incorporates herein by reference the foregoing Paragraphs 1 through 11 as though set forth fully herein.

13. Each of the materials disclosed by Defendant constitute an "intimate visual depiction" of Plaintiff as defined in 15 U.S.C. § 6851(a)(5), as Plaintiff is identifiable and depicted in a state of undress, with her nipples exposed.

14. Defendant disclosed these materials using a means or facility of interstate commerce, without the consent of Plaintiff.

15. Defendant knew, or recklessly disregarded, that Plaintiff had not consented to the disclosure.

16. Defendant's actions caused substantial harm to Plaintiff.

17. Defendant's actions violate 15 U.S.C. § 6851.

18. As a result of the violation of this statute, Plaintiff is entitled to recover actual damages sustained or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, and equitable relief ordering the defendant to cease display or disclosure of the visual depiction.

## COUNT II
### (Non-Consensual Dissemination of Private Sexual Images (740 ILCS 190/5))

19. Plaintiff re-alleges and incorporates herein by reference the foregoing Paragraphs 1 through 18 as though set forth fully herein.

20. Each of the materials disclosed by Defendant constitutes a "sexual image" of Plaintiff as defined in 740 ILCS 190/5(14), as they show Plaintiff in a state of undress. Each of the materials disclosed by Defendant was "private", as defined in 740 ILCS 190/5(10) as they were obtained under circumstances in which Plaintiff had a reasonable expectation of privacy. Plaintiff is identifiable in each of the materials, as her face is shown in each.

21. Defendant disclosed these materials without Plaintiff's consent, and Defendant knew, or recklessly disregarded, that Plaintiff had not consented to the disclosure, that the images were private sexual images, and that Plaintiff was identifiable in the images.

22. Defendant's actions caused substantial harm to Plaintiff.

23. Defendant's actions violate Illinois' Civil Remedies for Nonconsensual Dissemination of Private Sexual Images Act, 740 ILCS 190/1, *et seq*.

24. As a result of the violation of this statute, Plaintiff is entitled to recover actual damages sustained or statutory damages not to exceed the amount of $10,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, and equitable relief ordering the defendant to cease display or disclosure of the visual depiction. *See* 740 ILCS 190/25.

## COUNT III
### (Intentional Infliction of Emotional Distress)

25. Plaintiff re-alleges and incorporates herein by reference the foregoing Paragraphs 1 through 24 as though set forth fully herein.

26. Defendant's above-described conduct, including the publication and distribution of the photographs at issue, was intentional and reckless. Defendant knew or should have known his actions would cause economic harm and emotional distress to Plaintiff.

27. Defendant's misconduct was so extreme as to go beyond all possible bounds of decency, and a reasonable person would view Defendant's misconduct as intolerable in a civilized society.

28. Defendant intended to cause Plaintiff harm and acted with reckless disregard of the probability that Plaintiff would suffer damages.

29. As a direct and proximate result of Defendant's aforesaid intentional and reckless acts, Plaintiff suffered significant damage.

## COUNT IV
### (Negligence)

30. Plaintiff re-alleges and incorporates herein by reference the foregoing Paragraphs 1 through 29 as though set forth fully herein.

31. That at all times material to this Complaint, Defendant had a duty to exercise reasonable care in not harassing, threatening and stalking Plaintiff, and in not publicly displaying and disseminating Plaintiff's personal and intimate information and materials—including but not limited to photographs.

32. Notwithstanding his duty, Defendant harassed, threatened and stalked Plaintiff, and publicly displayed and disseminated personal and intimate information and materials about Plaintiff.

33. As a direct and proximate result of Defendant's aforesaid careless and negligent acts and/or omissions, Plaintiff suffered economic harm and severe emotional distress.

## COUNT V
### (Invasion of Privacy - Public Disclosure of Private Facts)

34. Plaintiff re-alleges and incorporates herein by reference the foregoing Paragraphs 1 through 33 as though set forth fully herein.

35. Plaintiff considered the sexually explicit and intimate images of her that Defendant publicly displayed, posted, and disseminated to be of an extremely private nature, and with respect to those materials, Plaintiff conducted herself with an expectation of such privacy.

36. Defendant's public display, posting, and dissemination of the sexually explicit and intimate images of Plaintiff would be considered highly offensive to a reasonable person.

37. By his above-described conduct, including the public display and dissemination of personal and intimate information and materials, Defendant invaded Plaintiff's privacy by publicly disclosing private facts about Plaintiff that she considered to be extremely private in nature.

38. As a direct and proximate result of Defendant's aforesaid public disclosure of private facts, Plaintiff suffered economic loss and severe emotional distress.

**WHEREFORE,** Plaintiff, Jane Doe, prays for the following relief:

A. that the Court enter judgment in favor of Plaintiff, Jane Doe and against Defendant Nathaniel Stevenson;

B. that the Court award Plaintiff, Jane Doe, damages against Defendant Nathaniel Stevenson, in an amount to be determined at trial, but no less than $150,000 statutory damages for each violation of federal law;

    C.    that the Court award Plaintiff, Jane Doe, damages against Defendant Nathaniel Stevenson, in an amount to be determined at trial, but no less than $10,000 statutory damages for each violation of Illinois state law;

    D.    an award of attorneys' fees and costs;

    E.    injunctive relief; and

    F.    such other relief as this court deems appropriate.

Dated: April 5, 2024

Respectfully submitted,

By: /s/ *Kenn Brotman*
Kenn Brotman (IL6236771)
Jonah B. Heemstra (IL6339094)
K&L GATES LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
kenn.brotman@klgates.com
jonah.heemstra@klgates.com

Emily Jones (IL6339162)
Chicago Alliance Against Sexual Exploitation
307 N. Michigan Avenue, Suite 1020
Chicago, IL 60601
Telephone: (773) 244-2230 ext. 210
ejones@caase.org

*Attorneys for Plaintiff Jane Doe*