IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:24-cv-02778 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| NATHANIEL STEVENSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons set forth in the Statement below, the plaintiff's motion for partial summary judgment [32] is denied. A status hearing will be held in Courtroom 2303 at 9:00 a.m. on April 23, 2025.

**STATEMENT**

Plaintiff Jane Doe[1] sued Nathaniel Stevenson, alleging that Stevenson (a former romantic partner) shared intimate pictures of Doe with Doe's friends and the public. Pending before the Court is Doe's motion for partial summary judgment on Count I of her complaint, which alleges that Stevenson unlawfully disclosed intimate images in violation of 15 U.S.C. § 6851. Stevenson responded to the motion with a "brief of non-response," which simply indicates that he "makes no response to [Doe's] motion for partial summary judgment or to the memorandum in support" thereof. Resp. 1, ECF No. 41 (capitalization altered). For the reasons that follow, despite Stevenson's lack of opposition, Doe's motion is denied.

**I.    Background**

Section 6851, "passed in March 2022 as part of the Violence Against Women Act Reauthorization Act," establishes "a federal civil cause of action for victims of revenge porn." Mem. 2, ECF No. 34. The section specifically allows an individual

> whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to

---

[1] The Court granted Doe's motion to proceed under a pseudonym shortly after she filed this case. Section 6851, discussed below, specifically contemplates the possibility "of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B).

such disclosure, [to] bring a civil action against that person in an appropriate district court of the United States.

15 U.S.C. § 6851(b)(1)(A); *see also id.* § 6851(b)(2) (neither consent "to the creation of the depiction" nor "the fact that the individual disclosed the intimate visual depiction to someone else" establishes consent to distribution). The individual "may recover the actual damages sustained . . . or liquidated damages in the amount of $150,000, and the cost of the action." *Id.* § 6851(b)(3)(A)(i).

Because Stevenson did not file a response to Doe's Local Rule 56.1 statement, the Court "may deem admitted each material fact set out in [that] statement." *Etheridge v. Hudson Grp. Retail, LLC*, No. 20-cv-07204, 2022 WL 15456490, at *5 (N.D. Ill. Oct. 27, 2022) (capitalization altered); *see* N.D. Ill. L.R. 56.1(e)(3). The following material facts, then, are undisputed. While Doe and Stevenson were dating "in or around 2020," Doe provided Stevenson with "private pictures, including pictures of her face and unclothed body." Pl.'s Rule 56.1 Statement ("Pl.'s Statement") 1-2 ¶¶ 7-8, ECF No. 35. On September 28, 2022, Stevenson sent Doe's friends one such picture—an image that "showed [Doe's] face and uncovered breasts and nipples"—via text message and without Doe's consent.[2] *Id.* at 2 ¶ 10; *see* Doe Decl. 1, ECF No. 35-1. Stevenson was subsequently arrested for, and pleaded guilty to, violating 720 Ill. Comp. Stat. 5/11-23.5. As relevant here, that statute makes it a crime for an individual to "intentionally disseminate[] the image of another person . . . who is identifiable from the image itself . . . [and] whose intimate parts are exposed, in whole or in part," if he "knows *or should have known* that the person in the image has not consented to the dissemination." 720 Ill. Comp. Stat. 5/11-23.5(b)(1), (3) (emphasis added).

## II. Discussion

"[A] non-movant's failure to respond to a summary judgment motion does not automatically result in judgment for the movant," and Doe still bears the burden of demonstrating that she is "entitled to judgment as a matter of law based on the . . . material facts in the record." *Etheridge*, 2022 WL 15456490, at *5 (quotation marks omitted). In the Court's view, Doe has not met her burden for two reasons. First, Doe has not shown that Stevenson's conduct is actually covered by § 6851 given the statute's effective date. Second, and in any event, Doe has failed to demonstrate that Stevenson's conduct meets all of the requirements set forth in § 6851.

### A. Retroactivity

Although § 6851 was "passed in March 2022," the law actually "took effect on October 1, 2022." Mem. 2; *see* Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, §§ 4, 1309, 136 Stat. 840, 846, 929-31. Recall that Stevenson sent the picture to Doe's friends

---

[2] Although the complaint alleges that Stevenson "also used two accounts at the social media site Instagram to publicly post" certain images, Compl. 2 ¶ 9, ECF No. 1, Doe's Local Rule 56.1 statement is silent on the matter, and the record does not specify the date or duration of the posts. Accordingly, the Court looks only to Stevenson's conduct on September 28, 2022, for purposes of the instant motion.

on September 28, 2022, three days before § 6851's effective date. This naturally raises a question as to whether Stevenson's conduct is covered by § 6851.

To answer that question, the Court must determine whether § 6851 applies to conduct before its effective date—in other words, whether it applies retroactively. The Supreme Court laid out the relevant considerations for retroactivity in *Landgraf v. USI Film Products*:

> When a case implicates a federal statute [that became effective] after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would . . . impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would [do so], . . . it does not govern absent clear congressional intent favoring such a result.

511 U.S. 244, 280 (1994). Essentially, *Landgraf* established a two-part test. First, has Congress expressly indicated whether the statute should apply retroactively? If so, that ends the inquiry, and the statute's express language governs. Second, does the statute "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties" with respect to past transactions? *Id.* If so, it "does not govern" conduct before its effective date "absent clear congressional intent favoring such a result." *Id.*

Applying that test here, the Court concludes that § 6851 does not have retroactive effect. Regarding the first question, nothing in § 6851 expressly addresses retroactivity, and Doe has not pointed the Court to other language (such as general language in the Violence Against Women Act Reauthorization Act) that does.[3] Regarding the second question, applying § 6851 to Stevenson's September 28 text would "increase [his] liability for past conduct" by at least $150,000. *Id.*; *see* 15 U.S.C. § 6851(b)(3)(A)(i). The Court cannot find evidence of "clear congressional intent favoring" this increased liability, and again, Doe offers no such evidence. *Landgraf*, 511 U.S. at 280. The presumption against retroactivity therefore controls, and § 6851 does not apply to conduct that occurred before October 1, 2022.[4] *Accord, e.g.*, *K.T. v. A Place for Rover*, No. 23-cv-02858,

---

[3] To the contrary, the Violence Against Women Act Reauthorization Act expressly states that, excepting certain specifically identified provisions—of which § 6851 is not one—the provisions of the Act do not take effect until October 1, 2022. Congress plainly knew how to make § 6851 retroactive, but declined to do so.

[4] One might argue that, because § 6851 simply created a new cause of action and Doe filed her suit after October 1, 2022, there is no retroactivity issue. The cause of action existed when Doe brought her case, after all, and nothing in § 6851 says how far back the cause of action can reach. But *Landgraf* itself concerned what the Court called "a new cause of action," and the Court there focused on the timing of the defendant's conduct rather than the timing of the suit. 511 U.S. at 283-84; *see also Barjo v. Cherian*, 349 F. Supp. 3d 510, 516 (D. Md. 2018) (similar). Consistent with that focus, the *Landgraf* Court emphasized "the principle that the legal effect of conduct

3

2024 WL 1356221, at *3-5 (E.D. Pa. Mar. 29, 2024) (concluding, as a matter "of first impression," that § 6851 "should not be given retroactive application").

Because Stevenson sent the text message at issue three days before § 6851's effective date, that section does not cover the conduct described above. It could be that § 6851 covers subsequent conduct by Stevenson, such as the social media posts referenced in Doe's complaint. *See supra* note 2. But for present purposes, and given the current state of the record, Doe has not offered "proof . . . demonstrating that [she is] entitled to judgment" on her § 6851 claim. *Etheridge*, 2022 WL 15456490, at *5 (quotation marks omitted).

### B. Section 6851

Even if retroactivity were not an issue, perhaps because Stevenson forfeited the argument by failing to raise it, *see, e.g.*, *Datamatic Servs., Inc. v. United States*, 909 F.2d 1029, 1034-35 (7th Cir. 1990), the Court would still deny Doe's motion. That is because, of § 6851's four elements, Doe has only met her burden for Stevenson as to three.

Although neither the Seventh Circuit nor any other court of appeals has laid out the elements a plaintiff must satisfy to prevail on a claim under § 6851, those elements are fairly clear from the statute itself. To prevail on a § 6851 claim, the plaintiff must show that the defendant (1) disclosed the plaintiff's intimate visual depiction, (2) in or affecting interstate commerce or using any means or facility of interstate or foreign commerce, (3) without the consent of the plaintiff, (4) knowing that the plaintiff had not consented or recklessly disregarding whether the plaintiff had provided consent. Doe has proved elements one through three, but her summary judgment motion falls short on element four.[5]

*First element.* Section 6851 defines "disclose" as "to transfer, publish, distribute, or make accessible," and it defines "intimate visual depiction" to include an image of "the . . . post-pubescent female nipple of an identifiable individual." 15 U.S.C. § 6851(a)(4), (5)(A)(i); *see* 18 U.S.C. § 2256(5) (defining "visual depiction"). The parties do not dispute that Sevenson disclosed (*i.e.*, distributed) an intimate visual depiction (*i.e.*, one showing the face and nipples) of Doe.

*Second Element.* The Seventh Circuit has held that a text message is a means or facility of interstate commerce. *See United States v. Baird*, 70 F.4th 390, 394 (7th Cir. 2023) (finding the "using . . . any facility or means of interstate . . . commerce" prong of 18 U.S.C. § 2422(b) met by the sending of a text message).[6] As a matter of law, then, Stevenson used a means or facility of interstate commerce to disclose the intimate visual depiction of Doe.

---

should ordinarily be assessed under the law that existed when the conduct took place." 511 U.S. at 265 (quotation marks omitted).

[5] Stevenson's conduct does not fall under any of the exceptions listed in § 6851(b)(4).

[6] *See also, e.g.*, *United States v. Chaparro*, 956 F.3d 462, 470 (7th Cir. 2020) ("The internet is a facility of interstate commerce."); *United States v. Richeson*, 338 F.3d 653, 660 (7th Cir. 2003) (phone lines are facilities of interstate commerce).

*Third Element.* It is undisputed that Stevenson "made [his] disclosures without Plaintiff's consent." Pl.'s Statement 2 ¶ 11.

*Fourth Element.* Doe argues that either (1) the record shows Stevenson had the requisite mental state, or (2) Stevenson is estopped from arguing otherwise. Having "carefully scrutinized" the record, the Court must disagree on both counts. *Etheridge*, 2022 WL 15456490, at *5 (quotation marks omitted).

As to the first, nowhere in Doe's Local Rule 56.1 statement or the accompanying declaration does she state that Stevenson (1) knew she did not consent, or (2) recklessly disregarded whether she consented. And while Doe says Stevenson "acknowledge[d] that he never received consent" in his answer, Mem. 5, acknowledging a lack of consent does not mean admitting to knowing or recklessly disregarding the same at the time of distribution. Indeed, Stevenson's answer either denies or does not respond to the relevant portions of Doe's complaint regarding mental state:

> 15. Defendant knew, or recklessly disregarded, that Plaintiff had not consented to the disclosure.
>
> **ANSWER: Paragraph #15 contains a conclusion of law, and Defendant makes no answer thereto. To the extent that an answer is required, Defendant admits that he disclosed certain photos of Plaintiff to others and denies the remaining allegations in Paragraph #15**.
>
> . . . .
>
> 21. Defendant disclosed these materials without Plaintiff's consent, and Defendant knew, or recklessly disregarded, that Plaintiff had not consented to the disclosure, that the images were private sexual images, and that Plaintiff was identifiable in the images.
>
> **ANSWER: Paragraph #21 contains several conclusions of law, and Defendant makes no answer thereto. To the extent that an answer is required, Defendant admit[s] that he disclosed certain photos to others without Plaintiff's consent and denies the remaining allegations.**

Answer 4-6 ¶¶ 15, 21, ECF No. 16. Nothing in the record—whether in Doe's undisputed Local Rule 56.1 statement or otherwise—can be read to establish Stevenson's mental state for purposes of § 6851.

As to the second, issue preclusion based on Stevenson's guilty plea would only establish that Stevenson knew "or should have known that [Doe had] not consented to the dissemination" of the relevant image.[7] 720 Ill. Comp. Stat. 5/11-23.5(b)(3); *see generally In re Complaint of Am.*

---

[7] Because the application of issue preclusion would not change the outcome, the Court assumes it would apply for purposes of this discussion. But nothing in Doe's Local Rule 56.1 statement or declaration indicates that Stevenson pleaded guilty based on the events at issue here, so the Court cannot say with certainty that "the issue decided" in Stevenson's criminal case "is

*River Transp. Co.*, 712 F. Supp. 2d 735, 739 (N.D. Ill. 2010) (discussing the preclusive effect of a guilty plea in Illinois). "Knew or should have known" is not the same as "knew or acted with reckless disregard as to," and the former (even if established through issue preclusion) would not be sufficient to satisfy the latter.

To illustrate that point, consider the scenario where Stevenson pleaded guilty only because he *should have known* Doe did not consent. The Seventh Circuit has written that "should have known" and "acted with reckless disregard as to" are distinct mental states. *See United States v. Ladish Malting Co.*, 135 F.3d 484, 488 (7th Cir. 1998) ("What one ought to have known, but did not know, is not knowledge; it is not even (necessarily) recklessness."); *see also Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770 (2011) ("[A] reckless defendant is one who merely knows of a substantial and unjustified risk . . . , and a negligent defendant is one who should have known of a similar risk but, in fact, did not . . . ."). So while preclusion in the scenario just mentioned would establish that Stevenson "knew *or should have known*" about the lack of consent, it does not establish that Stevenson "knew *or acted with reckless disregard as to*" that absence. Perhaps, had Stevenson's "Order of Commitment and Sentence" indicated that he pleaded guilty based on actual knowledge, the Court's analysis would be different. *See* Doe Decl. 2. (Actual knowledge, after all, satisfies both § 6851 and section 5/11-23.5.) But Doe did not attach this file to her declaration, and the Court must draw "all reasonable inferences" in favor of Stevenson at this stage. *Robinson v. Perales*, 894 F.3d 818, 823 (7th Cir. 2018).

### III. Conclusion

"There is no summary judgment by default," *Etheridge*, 2022 WL 15456490, at *5, and Doe's motion fails to show that § 6851 covers Stevenson's undisputed conduct. Additionally, it fails to show that Stevenson knew of or recklessly disregarded Doe's lack of consent. If Doe believes she can produce evidence sufficient to overcome these hurdles, she may renew her motion for partial summary judgment at a later date. In the meantime, the current motion is denied. A status hearing to discuss whether, and if so how, this case will proceed will be held on April 23, 2025, at 9:00 a.m. in Courtroom 2303.

Date: April 3, 2025

John J. Tharp, Jr.
United States District Judge

---

identical with the one presented" in this suit. *Long v. Elborno*, 922 N.E.2d 555, 562 (Ill. App. Ct. 2010).